UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ERIC FLORES,

                         Plaintiff,

        v.

UNITED STATES ATTORNEY GENERAL
and FEDERAL BUREAU OF INVESTIGATION,

                        Defendants.

Case No. 3:15-cv-1948-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

Plaintiff Eric Flores ("Flores"), appearing *pro se*, filed a "Petition to Challenge the Constitutionality of the First Amendment"(the "Petition") naming as defendants the United States Attorney General and the Federal Bureau of Investigation (collectively "Defendants"). (Petition, ECF No. 2.) Flores seeks certification of a class action, describing the class as the surviving members of Mexican American citizens of the United States and identifying seventeen individuals

residing in Austin or El Paso, Texas. (Petition at 2-3.) Flores alleges Defendants violated his civil

rights while he was illegally incarcerated and used space satellites to alter the genetic code of class

members, or their relatives, forcing the individuals to do things against their will, such as engage in

affairs or physically harm others, or causing severe suffering and, on occasion, death. Based on this

conduct, Flores asserts Defendants violated of the First Amendment right to freedom of speech by

preventing the pursuit of legal claims, and of free exercise of religious belief, by interfering in the

holy vows of marriage.

On September 19, 2015, the court granted Flores the right to proceed *in forma pauperis* under

28 U.S.C. § 1915. Section 1915(e)(2)(B)(ii) requires the court to dismiss a case proceeding *in forma*

*pauperis* if, at any time, it determines the action is frivolous or malicious. This statute furthers

Congress's intent to provide access to the courts for those with limited financial means while

recognizing that "a litigant whose filing fees and court costs are assumed by the public, unlike a

paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive

lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 301 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). "[R]epetitious litigation of virtually identical causes of action is subject to dismissal under

28 U.S.C. § 1915 as malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (internal

citation omitted); *see also, Cato v. United States*, (9th Cir. 1995)(quoting *Bailey*, 846 F.2d at

1021)("There is no abuse of discretion where a district court dismisses under § 1915(d)[1] a complaint

'that merely repeats pending or previously litigated claims.'")

An action is repetitive of another if the claims, the nucleus of facts, and the parties to the

action are the same. *WEC Co. v. Versarail Systems, Inc.*, No. CIV. 98-14750HU, 1999 WL 814515,

_____

[1]28 U.S.C. §1915(d) was renumbered 28 U.S.C. § 1915(e).

at *1 (D. Or. Sept. 20, 1999). Flores represents he "has filed over fifty . . . civil cause of actions entitled 'Petition to Challenge the Constitutionality of First Amendment' which were instituted in over fifty United States District Courts throughout the United States of America" and asks that all of the pending civil actions be transferred to the District of Columbia to be handled by the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407. (Motion to Transfer at 1, ECF No. 4.) It is evident from Flores's allegations he has filed more than one action asserting the same claims, which the court confirmed through a Pacer search.[2] Additionally, Flores filed an identical petition in the Medford Division of this court earlier this year. *Flores v. U.S. Attorney General*, CV No. 1:15-cv-644-CL. The court dismissed the action as frivolous and noted the many other actions filed by Flores asserting claims based on the direction of satellite transmissions at Mexican-American citizens. *Flores v. U.S. Attorney General*, CV No. 1:15-cv-644-CL, Findings and Recommendations and Recommendation filed April 2, 2015, Adopted May 12, 2015.

In light of evidence establishing this action is repetitive of many others filed by Flores, the court finds the initiation of this action was malicious under § 1915(d) and must be dismissed. Additionally, applying the reasoning of Judge Clark to this action, the Petition, even when viewed liberally, is facially frivolous and the deficiencies are not likely to be cured by amendment. Accordingly, this action should be dismissed as frivolous as well.

*Conclusion*

Flores's Petition (#3) should be DISMISSED *sua sponte* as frivolous and malicious under

---

[2]*See, eg. Flores v. U.S. Attorney General*, CV No. 1:15-cv-3669-RWS, filed in the Northern District of Georgia; *Flores v. U.S. Attorney General*, CV No. 5:13-cv-114-FDW, filed in the Western District of North Carolina; *Flores v. U.S. Attorney General*, CV No. 3:15-cv-381, filed in the Southern District of Ohio; *Flores v. U.S. Attorney General*, CV No. CV-15-2116-PHX-MHB, filed in the District of Arizona.

28 U.S.C. § 1915(e) and Flores's *in forma pauperis* status withdrawn. Flores's Request for Judicial

Notice (#3) and Motion to Transfer to Multidistrict Litigation (#4) should be DENIED as moot.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **November 9, 2015**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 22nd day of October, 2015.

JOHN V. ACOSTA
United States Magistrate Judge
